# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTIAN BELL,

Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No. 315196
Wayne Circuit Court
LC No. 12-006721-FJ

Before: BECKERING, P.J., and HOEKSTRA and GLEICHER, JJ.

PER CURIAM.

## AFTER REMAND

This case returns to us after remand for a hearing to determine whether the prosecutor exercised two peremptory challenges in a racially discriminatory manner. In accord with our instructions, the trial court conducted a hearing pursuant to *Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986). After taking testimony from the prosecutor, the trial court concluded that the two peremptory challenges at issue had not been motivated by purposeful racial discrimination. We affirm the trial court's ruling that the prosecutor stated "valid," race-neutral justifications for the strikes.

As detailed in this Court's original opinion, a jury convicted Christian Bell of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony, MCL 750.227b. On direct appeal, Bell raised several challenges to his convictions and sentences. We found all of them unpersuasive but for Bell's argument that the trial court failed to consider his counsel's timely *Batson* objection in the three-step manner *Batson* prescribes. Our opinion outlined *Batson*'s analytical methodology, which is set in motion when an objection is made to a peremptory challenge. The trial court must first consider whether the challenger has established a prima facie case of purposeful racial discrimination. *Batson*, 476 US at 93-94. If this showing is made, the burden shifts to the prosecutor to articulate a race-neutral reason for the strike. *Id*. at 97. The prosecutor's justification need not be persuasive; at this second step in the process, even "a frivolous or utterly nonsensical justification" will do, as long as the explanation is race-neutral. *Johnson v California*, 545 US 162, 171; 125 S Ct 2410; 162 L Ed 2d 129 (2005).

The third step commences if and when the challenger contends that a racially discriminatory motive actually inspired the prosecutor's peremptory challenge. The trial court must then review the evidence elicited during voir dire, and determine whether the proffered reason is credible. "There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge." *Hernandez v New York*, 500 US 352, 365; 111 S Ct 1859; 114 L Ed 2d 395 (1991). "While the reason offered by the prosecutor for a peremptory strike need not rise to the level of a challenge for cause, the fact that it corresponds to a valid for-cause challenge will demonstrate its race-neutral character." *Id*. at 362-363 (citation omitted).

Because the third-step findings hinge on credibility, it follows that our review is deferential. "[A] trial court's determination concerning whether the opponent of the peremptory challenge has satisfied the ultimate burden of proving purposeful discrimination is a question of fact that is reviewed for clear error." *People v Knight*, 473 Mich 324, 344; 701 NW2d 715 (2005) (citation omitted). "Moreover, the trial court's ultimate factual finding is accorded great deference." *Id.* "[A] reviewing court, which analyzes only the transcripts from *voir dire,* is not as well positioned as the trial court is to make credibility determinations." *Miller-El v Cockrell*, 537 US 322, 339; 123 S Ct 1029; 154 L Ed 2d 931 (2003).

At the *Batson* hearing, the parties devoted most of their efforts to reconstructing the racial composition of the jury at the time of the two contested strikes. Our original opinion had directed this exercise, although we also posited that the parties could instead omit this step and proceed directly to testimony eliciting the prosecutor's justifications for the strikes. After reaching an agreement as to the race of the jurors in the venire at the time of the strikes, the trial court ruled that Bell had failed to establish a prima facie case of racial discrimination. We have our doubts about the correctness of that ruling, but our concerns are of no consequence. Despite having rejected that defendant established an inference of discrimination, the trial court explored through sworn testimony the prosecutor's justifications for the strikes, and rendered a determination that they were not infected with racial bias. Having engaged the prosecutor and defense counsel on the merits of *Batson* steps two and three, whether defendant made a sufficient prima facie showing of discrimination no longer mattered. "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot." *Hernandez*, 500 US at 359.

The prosecutor offered the following reasons for the contested strikes of jurors Ethel Thomas and Gary Fizer:

> As it relates to Ms. Thomas, she indicated that her brother had been murdered in the City of Detroit. I think it was two years prior to her coming into court.
>
> That she had met with Homicide Detectives from the Detroit Police Department's Homicide Division. And that even after an investigation, there was [sic] no suspects that had been developed.

Because of that, I excused her.

As it relates to Mr. Fizer, Mr. Fizer had indicated that - - he indicated a lot of things.

First he indicated that he was friends with a judge in Inkster. That led me to believe that at the time there was an ongoing situation with the current sitting Inkster judge.

But he - - the thing that was most troubling to me, he also indicated that he had some children that had been investigated in the City of Detroit for criminal activity.

But the reason why I kicked him was because he had indicated that he couldn't even look at the defendant, because he reminded him of his grandson.

And so that's why I excused him.

Defense counsel challenged these reasons. As to Ms. Thomas, counsel argued that a Caucasian juror, Jenny Yates, revealed that "her father had been shot in the line of duty," and Ms. Yates's grandmother "had been killed with a gun during domestic violence." No one was prosecuted for Ms. Yates's father's murder. Employing a comparative juror analysis, counsel asserted that the reasons given for the strikes were unconvincing. Counsel disputed that Mr. Fizer had actually expressed that "he would not even look at the defendant," and emphasized that Mr. Fizer had reassured the court that "he could convict with a clear conscience" if he felt that the prosecution had proved its case.

The trial court found that juror Yates's father's shooting occurred 17 years previously, "when she was a small child," and that Ms. Yates had "indicated that it would not impact her." In contrast, the court recollected, Ms. Thomas's brother was killed only two years earlier, the case remained unsolved, and Ms. Thomas had personal contact with the Homicide Unit. The trial court deemed the prosecutor's explanation for excusing Ms. Thomas "valid" because the Homicide Department's failure to find Ms. Thomas's brother's killer "was fresh in her mind," which distinguished her from Ms. Yates.

Quoting directly from the transcript of the prior trial, the court confirmed that Mr. Fizer had indeed attested that "defendant reminded him of his grandson," and that he had expressed "I really don't want to look at him" for that reason. These statements, the court ruled, also constituted "valid" reasons for a peremptory challenge.

We presume that by using the term "valid," the trial court meant that the prosecutor's explanations for the challenges were credible, and that the prosecutor had exercised the challenges in a nondiscriminatory manner. Given the "great deference"

owed to trial courts' *Batson* findings and that the court followed our directive by engaging in the constitutionally required analysis, we affirm the denial of Bell's *Batson* claim.

We affirm.

/s/ Jane M. Beckering
/s/ Joel P. Hoekstra
/s/ Elizabeth L. Gleicher